UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:23-cv-810-RJC

| TERRELL T. HOWARD, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| vs. | ) |  |
|  | ) |  |
| GARRY MCFADDEN, | ) | **ORDER** |
|  | ) |  |
| Defendant. | ) |  |
|  | ) |  |

**THIS MATTER** is before the Court on initial review of the pro se Complaint. [Doc. 1]. The Plaintiff is proceeding in forma pauperis. [Doc. 7].

**I.    BACKGROUND**

The pro se Plaintiff, who is a pretrial detainee at the Mecklenburg County Jail, filed a § 1983 action in this Court on September 13, 2023, Case No. 3:23-cv-576-FDW. The Plaintiff named the Mecklenburg County Jail as the sole Defendant and claimed that he was being subjected to unsafe living conditions, i.e., black mold that was causing him severe stomach pain, weight loss, vomiting, loss of appetite, and diarrhea. [3:23-cv-576 Doc. 1]. The Court dismissed the Complaint on initial review on October 20, 2023 because a correctional institution is not a "person" subject to suit under § 1983. [Id. Doc. 8]. The Court noted that "a plaintiff must show that the defendants 'acted personally' to cause the alleged violation" under § 1983, and for a governmental entity to be liable under § 1983, the entity's "policy or custom must have played a part in the violation of federal law." [Id. Doc. 8 at 2-3] (internal quotations omitted). The Court cautioned the Plaintiff that, "[s]hould Plaintiff fail to timely amend his Complaint in accordance with this Order, the Court

will dismiss this action without prejudice." [Id. Doc. 8 at 4]. Rather than amending in Case No. -576, the Plaintiff initiated the instant case on November 6, 2023.[1] [Doc. 1].

The Plaintiff now names as the sole Defendants Garry McFadden, the Mecklenburg County Sheriff, and he reasserts the same black mold claims that he presented in Case No. -576. Specifically, he alleges that he experienced "unsafe, unhealthy living conditions" at the Jail between 2020 and 2023 as follows:

> Everytime I take a shower I'm breathing in black mold
> Everytime I drank out waterfaucet I'm dranking black mold.

[Id. at 5] (errors uncorrected). For injury, he claims "severe stomach pain, weight loss, vomiting, loss of appetite and diarrhea, was told I was constipated and needed to drink water an was put on probiotics." [Id.] (errors uncorrected). He seeks "[w]hatever you see fit for 3 ½ years almost 4 years." [Id.].

## II. STANDARD OF REVIEW

Because Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); see 28 U.S.C. § 1915A (requiring frivolity review for prisoners' civil actions seeking redress from governmental entities, officers, or employees).

In its frivolity review, a court must determine whether a complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the

---
[1] Case No. -576 was dismissed without prejudice for lack of prosecution on December 4, 2023. [Id. Doc. 9].0

2

liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III. DISCUSSION

To state a claim under § 1983, a plaintiff must allege that he was deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed by a "person" acting under color of state law. See 42 U.S.C. § 1983; Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999); Health & Hosp. Corp. of Marion Cnty. v. Talevski, 599 U.S. 166 (2023).

The Plaintiff has failed to state a plausible claim against Sheriff McFadden.[2] As the Plaintiff was previously informed in Case No. -576, to establish individual liability under 42 U.S.C. § 1983, a plaintiff must show that the defendants "acted personally" to cause the alleged violation. See Vinnedge v. Gibbs, 550 F.2d 926, 928 (4th Cir. 1977) (citation omitted). As such, the doctrine of respondeat superior does not apply in actions brought under § 1983. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694 (1978). Further, as Plaintiff was also previously informed, suits against an officer in his official capacity "generally represent only another way of pleading an action against an entity of which an officer is an agent." Kentucky v. Graham, 473 U.S. 159, 165 (1985) (quoting Monell, 436 U.S. at 690 n. 55). The Office of Sheriff is not liable under § 1983 for an employee's acts "unless action pursuant to official municipal policy of some nature caused [the] constitutional tort." Collins v. City of Harker Heights, 503 U.S. 115, 120-21 (quoting Monell, 436 U.S. at 691). That is, "[f]or a governmental entity to be liable under section 1983, the official policy must be the moving force of the constitutional violation." Moore v. City

---

[2] The Plaintiff does not state whether he is suing Defendant McFadden in his individual capacity, official capacity, or both. The Court will address both in an abundance of caution.

3

of Creedmoor, 345 N.C. 356, 366, 481 S.E.2d 14, 21 (1997) (internal quotation marks and citations omitted). "Thus, the entity's 'policy or custom' must have played a part in the violation of federal law." Id. (quoting Monell, 436 U.S. 658, 694).

Here, the Plaintiff's allegations are also so vague and conclusory that they fail to satisfy the most basic pleading requirements. See Fed. R. Civ. P. 8(a)(2) (requiring a "short and plain statement of the claim showing that the pleader is entitled to relief"); Simpson v. Welch, 900 F.2d 33, 35 (4th Cir. 1990) (conclusory allegations, unsupported by specific allegations of material fact are not sufficient); Dickson v. Microsoft Corp., 309 F.3d 193, 201-02 (4th Cir. 2002) (a pleader must allege facts, directly or indirectly, that support each element of the claim). The Plaintiff has presented no factual allegations to support a plausible claim against Defendant McFadden either individually or in his official capacity. The Complaint is, therefore, dismissed without prejudice. Despite the Plaintiff's previously unsuccessful attempts to state a claim, the Court will nevertheless grant the Plaintiff one final opportunity to amend.

**IV.    CONCLUSION**

In sum, the Complaint fails initial review pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(ii) and it is dismissed without prejudice.

The Court will allow the Plaintiff thirty (30) days to amend his Complaint, if he so chooses, to correct the deficiencies identified in this Order and to otherwise properly state a claim upon which relief can be granted. Any Amended Complaint will be subject to all timeliness and procedural requirements and will supersede his previous filings. Piecemeal amendment will not be allowed. Should Plaintiff fail to timely file an Amended Complaint in accordance with this Order, this action will be dismissed without prejudice and without further notice to Plaintiff.

**ORDER**

**IT IS, THEREFORE, ORDERED** that:

1. The Complaint [Doc. 1] is **DISMISSED WITHOUT PREJUDICE**.

2. The Plaintiff shall have **thirty (30) days** in which to amend his Complaint in accordance with the terms of this Order. If Plaintiff fails to file an Amended Complaint in accordance with this Order and within the time limit set by the Court, this action will be dismissed without prejudice and without further notice to Plaintiff.

The Clerk is respectfully instructed to mail the Plaintiff a blank § 1983 prisoner complaint form and a copy of this Order.

**IT IS SO ORDERED.**

Signed: March 8, 2024

Robert J. Conrad, Jr.
United States District Judge